**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL-JOSEPH: BURNETTE, : | |
| : | Civil Action No. 14-3642 (PGS) |
| Plaintiff, : | |
| : | |
| v. : | OPINION |
| : | |
| DENNIS NIEVES, et al., : | |
| : | |
| Defendants. : | |

SHERIDAN, DISTRICT JUDGE

    Plaintiff Paul-joseph: Burnette ("Plaintiff"), an individual[1] who was confined at Middlesex County Adult Corrections Center in New Brunswick, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

---

[1] Plaintiff identifies himself as "Defendants authorized repsenative" on the Complaint form. (Compl. ¶ 1b, ECF No. 1.)

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Dennis Nieves, J.S.C., Colin T. VanDemark, Joseph Rea, J.S.C., Jason Boudwin and Daniel Gonzalez. The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that his attorney, Defendant Gonzalez, acted "in cabal with the state prosecutior [sic] and the judge of record. To commit a 'fradulant [sic] joinder' and to deny [him] his Constitutional protections of the right to confront witnesses against [him]." (Compl. ¶ 6.) After signing a plea agreement on April 30, 2014, Defendant Gonzalez "changed the agreed upon plea agreement." (*Id.*) Plaintiff alleges that on October 23, 2012, Defendant VanDemark, an investigator with the Middlesex County Prosecutor's Office, "chose to infringe upon [Plaintiff's] rights, by selective inforcement [sic], acting in animus and malice, without probable cause." (*Id.*) Plaintiff further alleges that Defendant Boudwin, a prosecutor with the Middlesex County Prosecutor's Office, "knowingly and purposely changed [Plaintiff's] name from it's [sic] original upper case/lower case spelling to an aboriginal (Capitus Diminutio) for the express purpose of deceiving the Superior Court. And to create a 'false joinder' in a willful attempt at repatedly [sic] harassing the authorized repsenative [sic], of the defendant." (*Id.*)

Plaintiff further alleges that Defendant Rea, a New Jersey Superior Court judge, "chose to assist Colin VanDemark by issuing a telephonic warrent [sic] outside his judicial capicity [sic]. As he is not an assignment judge…" (*Id.*) Plaintiff alleges that Defendant Nieves, also a Superior Court judge, "depriv[ed] the authorize repsenative [sic] of the defendant his constitutional

2

rights by assisting all parties in cabal by willfully closing his eyes to facts easily within his reach."

(*Id.*) Plaintiff requests "a recinding [sic] of the conviction" and monetary damages.[2] (*Id.* at ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[2] To the extent Plaintiff is challenging his underlying conviction and seeking release, such a claim is not cognizable in a civil rights case. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. *See also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). The Court ruled that when person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

With regard to Defendants Rea and Nieves, it is well settled that judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357, 98 S.Ct. 1099 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872)). Though Plaintiff's claims against these two judges are not clear, it appears that the allegations relate solely to the issuance of a warrant and making decisions against Plaintiff in his criminal proceedings. These acts fall squarely into the category of judicial acts. Plaintiff's conclusory allegations of a "conspiracy," with absolutely no supporting factual basis, do not salvage his claims. *See Abulkhair v. Rosenberg*, 457 F. App'x 89 (3d Cir. 2012) (quoting *Mireles*, 502 U.S. at 11) ("[a plaintiff's] allegations of bad faith [and] malice" on the part of the judge cannot overcome judicial immunity); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action contains a legal or factual error, or was "unfair" or "controversial").

For Defendant Boudwin, Plaintiff alleges no constitutional wrong. He merely alleges that Defendant Boudwin misspelled Plaintiff's name, which does not violate any of Plaintiff's rights. To the extent Plaintiff is alleging that Defendant Boudwin violated his rights merely by pursuing

5

charges against him, Defendant Boudwin is entitled to immunity. Specifically, a prosecutor is immune from damages in a § 1983 action for his initiation of a prosecution and presentation of a state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Plaintiff alleges that Defendant VanDemark requested a "no-knock" warrant for Plaintiff's arrest without probable cause, however, "investigators for a prosecutor performing investigative work in connection with a criminal prosecution deserve the same absolute immunity as the prosecutor." *Fuchs v. Mercer Cnty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (citing *Davis v. Grusemeyer*, 996 F.2d 617, 632 (3d Cir.1993), *abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir.1998); *see also KRL v. Moore*, 384 F.3d 1105, 1113 (9th Cir. 2004) ("[A]n investigator gathering evidence, a month after an indictment was filed, to prepare the prosecutor for trial is engaged in an advocacy function intimately associated with the judicial process, and is entitled to the same immunity that would be afforded a prosecutor"). Based on the limited facts contained in the Complaint, it appears that Defendant VanDemark sought a warrant as part his involvement in Plaintiff's criminal prosecution, and therefore he would be entitled to immunity.[4]

With regard to Defendant Gonzalez, whether he was a public defender or a private attorney, he would not be considered to be acting "under color of state law" for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Love v. Law Office of Roberts*, Civil No. 11–4500, 2011

---

[4] To the extent Defendant VanDemark is not entitled to immunity, Plaintiff has failed to allege sufficient facts under *Iqbal* to allow this claim to proceed. He merely states that Mr. VanDemark sought an arrest warrant with no probable cause. He provides no other information.

WL 4916196, at *2 (D.N.J. Oct.17, 2011) ("As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983") (citing *Polk Cnty.*, 454 U.S. at 312).

Plaintiff also alleges that Defendant Gonzalez conspired with Defendants Boudwin and Nieves to deprive him of his rights and while the Court is mindful of the fact that a public defender who conspires with the judge and the prosecutor to secure a client's conviction is acting under color of state law, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), "a bare assertion of conspiracy will not suffice" and, without more, "a conclusory allegation of agreement at some unidentified point does not supply facts" adequate to state a conspiracy claim under § 1983, *Twombly*, 550 U.S. at 556. As the Supreme Court explained, "terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation-for example, identifying a written agreement or even a basis for inferring a tacit agreement, ... but a court is not required to accept such terms as a sufficient basis for a complaint." *Id.* at 557. In this case, Plaintiff's Complaint, sets forth absolutely no facts to support his conclusion that Defendants Gonzalez, Boudwin and Nieves conspired to convict Plaintiff. Instead, he merely states that a conspiracy existed. This is insufficient to state a claim under *Iqbal*.

### III.  CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move

to re-open this case and to file an amended complaint.[5]  An appropriate order follows.

Dated: 2/3/15

_____
Peter G. Sheridan, U.S.D.J.

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*